USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 5/11/10

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------- X
GALLIPOTE RIVERA                               :
                Petitioner,   :
                                       :
                -against-     :      **OPINION**
                                       :      02 Civ. 9621 (RLC)
THE UNITED STATES OF AMERICA.  :      98 Cr. 557 (RLC)
                                       :
                Respondent.  :
------------------------------------------------------------- X

**ROBERT L. CARTER, District Judge**

    *Pro se* petitioner Gallipote Rivera moves pursuant to 28 U.S.C. § 2255 ("§ 2255") to vacate his conviction and sentence. He is incarcerated at FCI Schuylkill in Minersville, Pennsylvania.

    Following a jury trial, Rivera was convicted on January 14, 1999, of conspiracy to distribute and possess with intent to distribute over one kilogram of mixtures and substances containing a detectable amount of heroin, in violation of 21 U.S.C. § 846. He was sentenced to 360 months' imprisonment, to be followed by 10 years of supervised release. He was also ordered to pay a mandatory $100 special assessment. Rivera appealed his conviction and sentence on January 5, 2000. On March 28, 2000, the Second Circuit affirmed the conviction and the sentence. He did not petition for certiorari in the Supreme Court.

    On November 7, 2002, Rivera submitted a § 2255 petition alleging that his trial counsel failed to provide effective assistance and that his sentence was unconstitutional in light of Apprendi v. New Jersey, 530 U.S. 466 (2000). The government argues that Rivera's petition is time barred.

For the reasons below, Rivera's petition is denied.

## Discussion

§ 2255 provides a mechanism for prisoners to collaterally attack their sentences "upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence is in excess of the maximum authorized by law, or is otherwise subject to collateral attack . . . ." The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") added to § 2255 a statute of limitations. That provision states:

> A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of –
> (1) the date on which the judgment of conviction becomes final;
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through exercise of due diligence.

Rivera's conviction became final on June 26, 2000, when his 90 day period of time to petition for certiorari in the Supreme Court of the United States expired. See Warren v. Garvin, 219 F.3d 111, 112 (2d Cir. 2000). Rivera had until June 26, 2001, to file a timely petition. He did not file his petition until November 7, 2002, therefore it is untimely and barred from review unless equitable tolling applies.

Rivera argues that the time should be tolled because his attorney, Michael Hurwitz, impeded his ability to timely file. Rivera claims that Hurwitz did not transmit his entire case file to him despite his requests. Rivera first wrote to Hurwitz on January

16, 2000, requesting "a copy of the entire record of [his] case," including transcripts of all of the proceedings, investigation reports, plea bargain offers, and statements made by co-defendants (Pet. Ex. C). On October 18, 2001, Rivera wrote Hurwitz that he had not received the documents (Pet. Ex. D). On October 19, 2001, Rivera sought the court's assistance to obtain the legal documents he claims were missing (Pet. Ex. F). On September 13, 2002, Hurwitz wrote to the court that "the file [for Rivera's case] was transmitted to [Rivera] in three (3) separate boxes via Federal Express (Pet. Ex. B). Rivera claims that, while he did receive some documents, Hurwitz's representation that the complete file was transmitted to him is "totally false" (Petr.'s Br. 9).

Rivera also argues that the time should be tolled because prison officials also impeded his ability to timely file. Rivera was housed at the Hudson County Jail after his arrest and was transferred to the Metropolitan Correctional Center in New York ("MCC") at the conclusion of his trial. He claims that his legal files and records were left behind at the Hudson County Jail (Petr.'s Br. 5). It is unclear from the petition whether Rivera ever came into possession of the files left behind at the Hudson County Jail, and he blames the Hudson County Jail, the MCC, and the Bureau of Prisons for misplacing whatever files, records and transcripts Hurwitz did send.

As applied to § 2255 claims, the doctrine of equitable tolling permits a court to set aside the statute of limitations, but only in the most extraordinary circumstances, and upon demonstration that petitioner used "reasonable diligence" during the intervening period. Smith v. McGinnis, 208 F.3d 13, 17 (2d Cir. 2000). The Second Circuit has "established only a limited number of circumstances that may merit equitable tolling, such as where an attorney's conduct is so outrageous and incompetent that it is truly

3

extraordinary, and where prison officials intentionally obstruct a petitioner's ability to file his petition by confiscating his legal papers." Doe v. Menefee, 391 F.3d 147, 159 (2d Cir 2004). It is well settled that a "petitioner's inability to obtain trial transcripts does not warrant equitable tolling where the transcript is not necessary to develop the claims in the petition . . . ." Beltre v. United States, 477 F.Supp.2d 649, 652 (S.D.N.Y. 2007) (quoting Anderson v. O'Gara, No. 01 Civ. 5172 (WHP)(GWG), 2002 WL 1633917, at *5 (S.D.N.Y. July 23, 2002)); see also Jihad v. Hvass, 267 F.3d 803, 806 (8th Cir. 2001) ("lack of access to a trial transcript does not preclude a petitioner from commencing post-conviction proceedings and therefore does not warrant equitable tolling"). Rivera argues that he speaks very little English and did not understand the legal aspects of his case, so the transcripts were necessary to enable someone to file the petition on his behalf. But "lack of proficiency in English does not constitute grounds for equitable tolling," Beltre v. United States, 477 F.Supp.2d 649, 652 (S.D.N.Y. 2007). Furthermore, even assuming arguendo that Hurwitz's or the prison officials' alleged interference constitute extraordinary circumstances warranting equitable tolling of the limitations period, Rivera "cannot show that this extraordinary circumstance *prevented* him from filing a timely habeas petition." Hizbullahankhamon v. Walker, 255 F.3d 65, 76 (2d Cir. 2001) (emphasis in the original). Rivera managed to file his petition without resorting to documents he sought, and the factual bases for his claims were known to him from the time of his appeal. See Valverde v. Stinson, 224 F.3d 129, 134 (2d Cir. 2000) (the petitioner must "demonstrate a causal relationship between the extraordinary circumstances on which the claim for equitable tolling rests and the lateness of his filing,

4

a demonstration that cannot be made if the petitioner, acting with reasonable diligence, could have filed on time notwithstanding the extraordinary circumstances").

For these reasons, Rivera's time barred petition cannot be saved by the doctrine of equitable tolling; whatever are the merits of Rivera's claims, the court is precluded from considering them.

## Conclusion

Rivera's § 2255 petition is hereby DENIED.

IT IS SO ORDERED.

DATED:  New York, New York
        May 10, 2010

_____
Robert L. Carter
United States District Judge

5